GENEVIEVE V. NORATO *et al. vs.* HORACE G. BISSELL, *et al., Tr.*

JANUARY 28, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This bill in equity was brought by the sole beneficiaries of a special trust under the compromised will of Thomas Quinn, deceased, to require the respondents, as present trustees thereof, to allocate the sum of $5000 to such special trust in accordance with directions in the will. The complainants are Genevieve V. Norato, a daughter of the testator, and her minor child, represented by a guardian *ad litem*. The respondents are three trustees who were appointed under the above-named will after the estate had sustained losses through mismanagement by certain former trustees. After a hearing in the superior court on the amended bill, answer and evidence; a final decree was entered denying and dismissing the bill of complaint. The cause is before us upon the complainants' appeal from that decree.

Thomas Quinn died at Providence on August 27, 1922, leaving a last will and testament. On October 30, 1923 a compromise of that will, as agreed to by all the interested

parties, was authorized and confirmed by a decree of the superior court, and later was entered in the probate court in accordance with the statute in such case provided. Thereafter the administration of the compromised will and the trusts therein created have been the source of much litigation.

The complainants in the instant cause rely upon paragraph fourth, clause (e) and paragraph eleventh, clause (c) of the compromised will, hereinafter referred to as the will. By paragraph fourth the testator gave, devised and bequeathed to the trustees named in his will, "and to their heirs, assigns and successors in trust forever, but IN SPECIAL TRUST, upon the following terms and conditions, the following described property, and for the use of the following named persons, in manner as set forth in the following paragraphs . . . (e) The buildings and improvements upon that lot of land being lot numbered two hundred seventy-eight (278) on Plat Number 3, made for the use of the Board of Assessors of Taxes of said City of Providence, and the lease of said land held by me, and the said land so leased to me, when and if it shall be acquired and purchased by my executor, as hereinafter provided, or in lieu of said land, if it shall not be acquired and purchased by my executor, the sum of money representing the fair cash value of said land provided to be paid by my trustees under the Eleventh paragraph of this will to my trustees under this paragraph (e) of this will, in trust, to pay over the net income of the trust estate given in this paragraph to my daughter, Genevieve Quinn, during her lifetime and upon her decease, to pay over said net income to her issue then living, until her youngest issue living at the time of her decease shall arrive at the age of twenty-one (21) years, and at said date to convey this trust estate to her then living issue, such issue to take per stirpes and not per capita . . . ."

Paragraph eleventh of the will, which is referred to in the above-quoted clause (e), devised and bequeathed the residue of his estate in special trust for the benefit of the testator's

five children, including complainant Genevieve V. Norato, and it also contained the following directions to the executor in clause (c): "I direct my trustees at the termination of the lease to me mentioned in Paragraph Fourth, Clause (e) of this will, in case the land so leased to me shall not have been purchased by my executor, to pay over to my trustees under said last mentioned paragraph, charging the payment to the principal of the trust estate under Paragraph Eleventh, a sum in money equal to the fair cash value of the land so leased to me, as determined by my executor in the performance of his duties under said Paragraph Fourth, Clause (e) and by him certified in writing to said trustees."

The complainants allege that the executor, following the testator's death and acting in accordance with the directions contained in the above-quoted paragraph fourth, clause (e), attempted to purchase the land therein described, which had been held by the testator under a lease; that the owner thereof refused to sell it; that the executor accordingly had an expert make an appraisal of buildings and land and then, by letter dated December 14, 1923, notified the trustees serving at that time that he would adopt and follow the values therein set forth. In that notice he enclosed and referred to a copy of the appraisal expert's letter dated August 25, 1923, which showed the buildings to be valued at $8500 and the land at $5000. Complainants further allege that those trustees, who were so notified, failed or refused to allocate to complainants' special trust the sum of $5000, representing the appraised value of the land; and that the respondents as "successor" trustees have also failed or refused to allocate such sum to that special trust as directed by paragraph eleventh, clause (c) of the will.

On the other hand, the respondents aver that no property comprising the special trust in favor of complainants under paragraph fourth, clause (e) was set up and delivered to them or any of them as trustees in 1932 or at any time thereafter; that they had no knowledge of the appraisal of the leased land and of the executor's alleged notice to former

trustees in connection therewith; that the respondents never had available, under paragraph eleventh, sufficient *principal,* free of disputed claims, from which they could safely and equitably allocate a sum of $5000, if found to be proper, in the manner urged by complainants, excepting always $10,000 which they contend was being held as directed by this court until the final account was filed and allowed. See *In re Estate of Thomas Quinn,* 62 R. I. 27.

They further aver that a timely suit was brought against certain former trustees for mismanagement of this estate and that one of the issues therein related to the buildings and lease of the "Beckwith land", so called, which they contend was the land included in the special trust in favor of the complainants in paragraph fourth, clause (e); that such suit was settled, under an agreement made by all parties and approved by the superior court, whereby the former trustees paid the sum of $20,000. This sum was involved in the cause when it was last here, and by a decree entered in accordance with this court's opinion therein, $10,000 of that recovery was allocated to income and was distributed as such under the residuary trust in paragraph eleventh and the remaining $10,000 was allocated to principal, the latter being ordered to be held until the final account and distribution. See *In re Estate of Thomas Quinn, supra.*

They further contend that the affairs of the estate at all times were complicated and that it was extremely difficult to ascertain the true condition of the various trusts, the values of property forming the bases thereof and the proportionate share of the losses to be borne by each trust, as it was difficult to determine whether certain money assets should be allocated to principal or income. From this they argue that it never was reasonably safe or practicable to allocate such a large sum to the complainants' special trust as prayed for. As a further contention respondents assert that the complainant Genevieve V. Norato was indebted to the trustees in a large amount which should be adjusted and set off when the final account was to be passed upon; and

that such an account had been filed and was the medium by which the trustees had hoped to settle the disputed claims of all beneficiaries and to adjust equitably among all the losses that were occasioned by the mismanagement of certain former trustees.

We have difficulty in following the complainants' contention that the present suit concerns only themselves and the trustees as necessary parties. If the relief prayed for were to be granted, the trustees would be required by the provisions of the will to transfer $5000 from the principal of the residuary trust fund, created by paragraph eleventh, over to the complainants' special trust under paragraph fourth, clause (e). This would substantially diminish the amount of the principal in the residuary trust fund in which other children of the testator, as well as these complainants, were beneficiaries. Any such substantial diminution of the principal thereof would necessarily have an adverse effect upon the rights of the other beneficiaries thereunder. Therefore it seems to us that such relief, if otherwise proper, could not have been safely decreed by the superior court unless all adversary parties were joined as respondents. The absence of such necessary parties is a sufficient ground upon which the decision and decree in the instant cause can be supported.

Assuming, however, that the bill may be maintained upon the complainants' theory that it concerned only their rights under the special trust and the express duty of the trustees relative thereto under the will, we cannot say that the evidence here requires that complainants' prayer for relief be granted *at this time*. There is evidence that the respondents brought suit against the trustees who were responsible for certain mismanagement resulting in loss to the various trusts under the will; and that one of the alleged issues in that suit concerned to some extent the "Beckwith land", so called, which respondents claim was the land described in the complainants' special trust. Whether the settlement of that suit upon payment by former trustees of $20,000 and delivery of a certain release included also a settlement for the alleged

loss sustained by these complainants through the failure of such trustees to follow directions in the will.and to set apart $5000 as the value of the land described in complainants' special trust was never specifically determined in the former suit or in the present proceeding.

If complainants' entire special trust, both buildings and land, were wiped out by mismanagement by the former trustees and if such loss were to be compensated for out of the above-mentioned settlement, as respondents contend, the complainants' proportionate share thereof would now be included in that part of the $20,000 which was principal. But such principal was ordered to be held by the respondent trustees until the final account. See *In re Estate of Thomas Quinn, supra.* On that view, therefore, the complainants would not be entitled at this time to a reversal of the decree.

On the other hand, if only the loss of the buildings described in the complainants' special trust were properly involved in that suit and settlement, because the value of the land had never been set apart by any of the former trustees as directed by the will, the question would be whether the present trustees had money which was reasonably available for the purpose as directed by the will and as prayed for in this bill. It is true that there is evidence, favorable to the complainants, tending to show that no property or money equal to the appraised value of the land described in their special trust, or even of the leasehold interest therein, was ever allocated thereto by the former or successor trustees; and that the respondents as trustees have in their possession approximately $18,000, in addition to the $10,000 which was being held specially as principal in accordance with the above-mentioned opinion.

The complainants contend that in such circumstances the present trustees should have transferred the sum of $5000 from this $18,000 over to their special trust, because that amount equaled the appraised value of the land that was never set apart or allocated as directed by the will. However, there is also evidence which tends to show that some of this

$18,000 might be allocable to income rather than to principal; that all of it, in any event, was subject to the disputed claims of other beneficiaries, as well as of the complainants, arising from losses to their special trusts in amounts that apparently have not been finally determined; and also that the complainants are indebted to the estate in some amount which is the subject of serious dispute. From this evidence the respondents argue that they could not safely and equitably allocate $5000 from the residuary trust to the complainants' special trust until all of these amounts and disputes were determined.

Having in mind the litigation in this estate, and the trustees' intention to conclude all of the difficulties at the time of the hearing on the final account, we think that the evidence here supports the decision and decree, excepting that the bill should have been dismissed without prejudice. It seems to us, upon a consideration of the evidence in this record, that the relief prayed for cannot safely and equitably be passed upon or granted *at this time,* in view of the existing claims and disputes that must still be finally determined.

We can foresee no harm to the complainants if their rights are reserved until a hearing on the final account. If at that time it appears that the complainants are entitled to the relief prayed for in this bill, adequate adjustments can be made by order or with approval of the court in a manner that will protect them against inequitable charges. The evidence shows that the final account has been filed and that the present proceeding alone prevented an earlier consideration and determination thereof, including all the disputed matters above referred to. Therefore, upon the evidence here, we conclude that the complainants' bill should have been denied and dismissed but *without prejudice* to a consideration and determination of their claims when the final account is heard.

The complainants' appeal is denied; the decree, subject to the above modification, is affirmed, and the cause is remanded to the superior court for further proceedings.

*James J. Corrigan,* for Genevieve V. Norato; *Edmund J. Kelly,* Gdn. *ad litem* for Genevieve M. Norato, complainants. *Ernst T. Voigt,* for respondents.